## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BECKLEY DIVISION

STEVEN RANDALL PATRICK,

      Petitioner,

v.                              Case No. 5:23-cv-00234

WARDEN KATINA HECKARD,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1), which is fully briefed, and Petitioner's Motion for Summary Judgment (ECF No. 12). This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a federal inmate incarcerated at the Federal Correctional Institution at Beckley, in Beaver, West Virginia ("FCI Beckley") serving a 144-month term of imprisonment, followed by a five-year term of supervised release, after his conviction in the United States District Court for the Western District of Virginia on a charge of Conspiracy to Distribute 500 Grams or More of a Mixture or Substance Containing Methamphetamine. *United States v. Patrick*, No. 6:18-cr-0004, ECF No. 31 (W.D. Va,

Aug. 28, 2018).  His current projected release date is July 12, 2028.[1]

On March 27, 2023, Petitioner filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking an award by the Federal Bureau of Prisons ("BOP") of federal earned time credits ("FTC") pursuant to the First Step Act of 2018, 18 U.S.C. § 3632(d)(4)(A) ("FSA").  (ECF No. 1).  Specifically, Petitioner's petition alleges: "I am being denied the right to the [FTC] I have earned pursuant to the [FSA], due to my medium risk of recidivism."  (ECF No. 1 at 6).  He asks the court to "make a statutory interpretation as to 18 U.S.C. §§ 3624, 3632, excuse exhaustion of remedies, and order BOP to award any and all of my accrued credits."  (*Id*. at 7).  In his memorandum in support of his petition, Petitioner asserts that his claim is grounded in a matter of statutory interpretation and does not require exhaustion of administrative remedies and, further, that prison officials have misrepresented his attempts to exhaust such remedies.  (ECF No. 2 at 6-7).

On May 31, 2023, Respondent filed a Response to Order to Show Cause (ECF No. 10), solely asserting that Petitioner's petition is not ripe for review and, thus, this court presently lacks Article III jurisdiction to review the same.  Respondent's response, however, reserves the right to address the merits of Petitioner's arguments concerning the exhaustion of administrative remedies and his ineligibility to apply FTC towards his release date due to his recidivism risk level, should the court determine that his claims are ripe for review.  (*Id*. at 7 n.4).  On June 15, 2023, Petitioner filed a reply brief (ECF

---

1 The undersigned notes that, at the time Respondent filed his Response to the Order to Show Cause, Petitioner's projected release date was June 1, 2028.  (ECF No. 10 at 1).  Thus, his projected release date has already changed due to factors other than the application of FTC.  It also stands to reason that, since the briefing in this matter, Petitioner may have earned additional FTC based upon completion of recidivism reduction programming.

No. 11) and a separate Motion for Summary Judgment (ECF No. 12), asserting that, by not addressing his exhaustion argument and the merits of his claim for relief in the response, Respondent has waived those defenses and, thus, Petitioner should be granted summary judgment on his claim for relief.

## ANALYSIS

Before a federal court may address the merits of a claim for relief, it must be assured that it has jurisdiction under Article III of the United States Constitution to consider the claim.  In other words, the claim must be "justiciable."  *See Trump v. New York*, 141 S. Ct. 530, 535, 208 L. Ed. 2d 365 (2020); *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies."  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  One aspect of Article III jurisdiction is that the claim for relief must be ripe for review.  *Scoggins v. Lee's Crossing Homeowners Ass'n*, 718 F.3d 262, 269 (4th Cir. 2013). "The issue of ripeness entails an analysis considering the fitness of the issues before the court, as well as the hardship that the parties will experience if the court withholds consideration of the dispute."  *Id.* at 270 (citing *Lansdowne on the Potomac Homeowners Ass'n, Inc. v. OpenBand at Lansdowne, LLC*, 713 F.3d 187, 197–98 (4th Cir. 2013)).

As noted by Respondent, "ripeness 'prevents judicial consideration of issues until a controversy is presented in clean-cut and concrete form.'"  *Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006) (citations and internal quotation marks omitted).  (ECF No. 10 at 3-4).  The Supreme Court has expressed that a "claim is not ripe for adjudication if it

rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (citation and internal quotation marks omitted); *see also Bryant Woods Inn, Inc. v. Howard Cnty., Md.*, 124 F.3d 597, 602 (4th Cir. 1997) (in order to determine ripeness, the court must "decide whether the issue is substantially definitive enough to be fit for judicial decision and whether hardship will result from withholding court consideration"). (*Id.* at 4). In other words, Petitioner must be able to show that he will suffer an "imminent" or "concrete" (non-contingent) injury without redress from the court. *Trump*, 141 S. Ct. at 535.

Here, Petitioner asserts that the BOP's misinterpretation of the FSA's provisions concerning the eligibility of medium recidivism risk prisoners to have FTC applied to their sentence is denying him the right to the present application of FTC he has already earned, even though he is still years away from his projected release date. A review of Petitioner's petition and attached documentation suggests that Petitioner seeks the current application of the FTC credit to his sentence "so he can be eligible to start RDAP [Residential Drug Abuse Program] program sooner." (ECF No. 2 at 9, Ex. A].

The undersigned begins with a discussion of the pertinent provisions of the FSA. In 2018, the FSA amended 18 U.S.C. § 3621, which governs the calculation of federal prison sentences. Under the FSA, except for inmates convicted of certain enumerated offenses, *see* 18 U.S.C. § 3632(d)(4)(D), all inmates are eligible to earn up to 10 days of time credits for every 30 days of successfully completed BOP-approved "Evidence-Based Recidivism Reduction Programs" ("EBRR") and "Productive Activities" ("PAS"). *See* 18 U.S.C. §§ 3632 (d)(4)(A)(i). Additionally, "[a] prisoner determined by the [BOP] to be at

4

a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." *See* 18 U.S.C. §§ 3632 (d)(4)(A)(ii).

Among other participation incentives, eligible inmates who have earned FTC may have such time credits applied toward their time in prerelease custody or supervised release. *See id.*, §§ 3632(d)(1)-(4)(C). As noted by another member of this court, however, although all eligible inmates may *earn* FSA time credit, "only some inmates are eligible to *apply* those time credits." *Cannon v. Heckard*, No. 5:23-cv-00566, ECF No. 11 at 7 (S.D. W.Va., Jan. 17, 2024) (Eifert, M.J.) (report and recommendation).

As set forth in 18 U.S.C. § 3624(g)(1), an inmate who has *earned* FTC may not have it *applied* to prerelease custody or supervised release until:

> **(A) has earned time credits under the risk and needs assessment system developed under subchapter D (referred to in this subsection as the "System") in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment;**
>
> (B) has shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment;
>
> (C) has had the remainder of the prisoner's imposed term of imprisonment computed under applicable law; and
>
> (D)(i) in the case of a prisoner being placed in prerelease custody, the prisoner--
>
> > (I) has been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner; or
> >
> > (II) has had a petition to be transferred to prerelease custody or supervised release approved by the warden of the prison, after the warden's determination that--

(aa) the prisoner would not be a danger to society if transferred to prerelease custody or supervised release;

(bb) the prisoner has made a good faith effort to lower their recidivism risk through participation in recidivism reduction programs or productive activities; and

(cc) the prisoner is unlikely to recidivate; or

(ii) in the case of a prisoner being placed in supervised release, the prisoner has been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner.

18 U.S.C. § 3624(g)(1) (emphasis added); *see also* 28 C.F.R. §§ 523(c)(1) and 541.

Although Petitioner's petition is focused on whether the BOP has misinterpreted the statutory language concerning his risk assessment category, he ignores the fact that he is not presently eligible to have his earned FTC applied to his sentence because the amount of his earned time credits is not yet equal to the remainder of his term of imprisonment. Based upon that fact, his petition is not yet ripe for review. As noted by Respondent, "[a]lthough the Fourth Circuit has not ruled on the issue, federal courts around the country have routinely read Section 3624(g)(1)(A) to mean that 'the BOP is permitted to apply time credits only once an inmate' has earned enough credits to 'equal the remainder of [his] sentence.'" *Lallave v. Martinez*, 22-cv-791 (NGG) (RLM), 2022 WL 2338896, at *11 (E.D.N.Y. June 29, 2022); *Turner v. Heisner*, No. 22-cv-00178-PHX-JAT (ESW), 2022 WL 2195348, at *3 (D. Ariz. May 16, 2022) ("FSA earned time credits can be applied to prerelease custody or supervised release only when accumulated credits are equal to the remainder of the prison term."); M*ilchin v. Warden*, No. 3:22-cv-195 (KAD), 2022 WL 1658836, at *3 (D. Conn. May 25, 2022) (same); *Mills v. Starr*, No. 21-1335 (SRN/BRT), 2022 WL 4084178, at *4 (D. Minn. Aug.

17, 2022) (same).  (ECF No. 10 at 4-5).  Therefore, the statute requires the BOP to apply FSA credits only when an inmate has earned enough credits to equal to the remainder of his imposed term of imprisonment.  (*Id.*)

As noted by these other courts that have addressed the issue, this statutory requirement is grounded in "common sense" because "[c]redits earned as a result of these programs 'may be lost' as a result of misconduct in prison."  *See Adkins v. Engleman*, No. 22-cv-1988 JLS (MRW), 2022 WL 14966123, at *1-2 (C.D. Cal. Sept. 8, 2022), *report and recommendation adopted*, 2022 WL 15116425 (C.D. Cal. Oct. 24, 2022) (*citing Milchin*, 2022 WL 1658836 at *3; *Lallave*, 2022 WL 2338896, at *11). Thus, as Respondent asserts, because "Petitioner's number of earned FSA time credits may change, [his] challenge is not ripe as it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas, supra*, 523 U.S. at 300 (1998).  (ECF No. 10 at 5).  Therefore, an inmate requesting application of FTC before such application would result in his immediate release would be "essentially seeking an advisory opinion from th[e] court."  *Tran v. Thompson*, No. 2:21-cv-1707, 2022 WL 2672478, at *2 (E.D. Cal. 2022).  (*Id.* at 6).  Similar to these other federal courts, Respondent asserts that Petitioner's premature claim for relief is not ripe for consideration. *Id.*; *Turner*, 2022 WL 2195348, at *3; *Jacobo-Arizaga v. Thompson*, No. 2:21-cv-1864, 2021 WL 5447076, at *2 (E.D. Cal. 2021) (same); *Lallave*, 2022 WL 2338896, at *11 ("it would be inappropriate for the court to direct the BOP to adjudicate the credits at this time").  (*Id.*)

Petitioner's reply asserts that his claim is ripe for review because "there is a controversy presented in clean-cut and concrete form, e.g., whether the [FSA] and 18

U.S.C. §§ 3624 and 3632 exclude medium or high risk assessment inmates from applying their earned time credits." (ECF No. 11 at 4) (emphasis in original). He further contends that the "BOP has adopted an interpretation that only inmates with a minimum or low risk assessment are eligible to apply their earned time credits." (*Id.*) He maintains that the plain language of the statute does not exclude such inmates from having FTC applied. (*Id.*) Petitioner's reply further summarily contends that "there are low risk of recidivism prisoners at FCI Beckley, who have projected release dates in 2031 and 2032, who have been awarded 365 days off their sentences despite the fact that the amount of earned time credits is (not) equal to the remainder of the prisoner's term of imprisonment." (*Id.* at 5). Thus, he appears to suggest that BOP officials have not uniformly applied 18 U.S.C. § 3624(g)(1)(A).

Petitioner's reply and his separate Motion for Summary Judgment (ECF No. 12) also argue that, because Respondent's response did not address his arguments concerning the merits of his statutory interpretation claim concerning whether the statute permits high and medium risk assessment inmates to have FTC applied to their sentences and whether exhaustion of administrative remedies should be excused, Respondent has essentially waived those arguments or defenses and, thus, he should be awarded summary judgment because the "government cannot come forward with facts sufficient to create a 'triable issue of fact.'" (*Id.* at 3).

However, Respondent chose to address the threshold issue of justiciability and reserved the right to argue about the merits of the petition and the exhaustion issue if the court determines that the matter is ripe for review. The court must first determine the jurisdictional issue of whether this matter is ripe for adjudication before turning to

any merits analysis and any affirmative defenses. Consequently, the undersigned proposes that the presiding District Judge **FIND** that Respondent did not waive the right to defend this matter on the merits or any procedural defenses presuming that this court has Article III jurisdiction to presently review the matter. Therefore, Petitioner's request for summary judgment on the basis of waiver is inappropriate.

Moreover, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's request for the present application of his FTC is premature and not ripe for review. At of the time Petitioner filed the instant § 2241 petition and the briefing of the same, Petitioner's remaining term of imprisonment exceeded the amount of FTC he had earned. "Because 18 U.S.C. § 3624(g)(1)(A) provides—and the courts have consistently held—that FSA time credits can be applied only when the earned credits are equal to the remainder of the prison term, Petitioner is not yet eligible for *application* of time credits under the FSA." (ECF No. 10 at 6) (emphasis added). Accordingly, the undersigned agrees with Respondent that Petitioner's § 2241 petition is not ripe for review, and he has failed to establish an immediate or imminent, concrete, and non-contingent injury that may be redressed through the relief he seeks and amounts to nothing more than a request for an advisory opinion. *See Ford v. Chapman*, 371 F. App'x 513, 514 (5th Cir. 2010) (finding that petitioner's release was not imminent and therefore he "failed to establish an 'immediate injury' that would be redressed by the relief that she seeks"); *Markley v. James*, No. 21-3067-JWL, 2021 WL 1736859, at *4 (D. Kan. May 3, 2021) (denying § 2241 petition where the petitioner failed to show eligibility for the application of FSA time credits); *Rubinov v. Pliler*, No. 21-cv-4397 (LJL), 2021 WL 5567826, at *5 (S.D.N.Y. Nov. 29, 2021) (finding a petitioner's claim asserting applicability of FSA time

credits was ripe as because he asserted that he is "is currently being imprisoned when in fact he should not be," but noting that "if a petitioner were seeking to having time credits applied so that his projected release date would be moved up to another temporally distant date, that would be another matter").

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY WITHOUT PREJUDICE** Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and his Motion for Summary Judgment (ECF No. 12) and **DISMISS** this civil action from the docket of the court.

Petitioner is notified that this "Proposed Findings and Recommendation" is hereby filed, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (making of objections), and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v.*

10

*Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Volk.

The Clerk is directed to file this "Proposed Findings and Recommendation," to mail a copy of the same to Petitioner, and to transmit a copy to counsel of record.

January 26, 2024

Dwane L. Tinsley
United States Magistrate Judge

11